*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM PATRICK GUESS,

Plaintiff-Appellant,

v

PRIAM SHARMA, SAINT MARTINUS
UNIVERSITY, and ST. MARTINUS
ADMINISTRATIVE SERVICES, LLC,

Defendants-Appellees.

UNPUBLISHED
June 10, 2025
11:59 AM

No. 368978
Oakland Circuit Court
LC No. 2023-202288-CK

Before: MALDONADO, P.J., and M. J. KELLY and RIORDAN, JJ.

PER CURIAM.

Plaintiff, William Guess, appeals as of right the trial court's opinion and order granting summary disposition in favor of defendants, Priam Sharma, Saint Martinus University (SMU), and St. Martinus Administrative Services, LLC, under MCR 2.116(C)(7) and (C)(10). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

Guess is a medical student who alleges that he suffers from attention-deficit/hyperactivity disorder (ADHD). In 2013, he enrolled in SMU's medical school, which is located in Curacao, an island country located in the southern Caribbean Sea. From July 2014 through August 2016, Guess attended classes in Curacao. He then returned to Michigan, where he continued his medical education through SMU by using his professors' class slides and taking examinations at a hospital associated with SMU.

SMU was aware of Guess's diagnosis of ADHD and gave him extra time to complete his school-administered examinations as an accommodation. Despite the accommodation, Guess

-1-

struggled academically, repeatedly failing and retaking multiple classes.[1] Guess took his last course at SMU in February 2018. In 2019, while still enrolled at SMU, Guess participated in preparatory examinations through SMU that served to ready students for testing by the National Board of Medical Examiners. After twice taking the preparatory examination with no accommodations for his ADHD, Guess sat for a third preparatory examination. He expected that he would receive accommodations, but none were provided. SMU canceled a fourth preparatory examination because of the unpaid balance on Guess's account with SMU.

Around this time, Guess attempted to enroll at Washington University of Health and Science, a medical school in Belize, who conditionally accepted him on the basis of his unofficial SMU transcript showing a grade point average (GPA) of 2.15. SMU delayed releasing an official transcript because of a claimed outstanding balance owed by Guess.

In July 2019, Guess brought a claim against SMU and OPMC in federal court, alleging a failure to accommodate under the Americans with Disabilities Act (ADA), 42 US 12101 *et seq.*, and breach of contract. The federal court, however, summarily dismissed his claims. See *Guess v St Martinus Univ*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued April 13, 2021 (Case No. 2:19-cv-12159), pp 13-21. During the federal litigation, SMU finally released Guess's official transcript. The transcript revealed a GPA of 0.82, which precluded his enrollment at Washington University of Health and Science. In response, Guess amended his complaint to add allegations related to the allegedly improper calculation of his GPA on his official transcript. Later, he moved for leave to file an amended complaint, seeking to add a claim for retaliation under the ADA based upon the discrepancies between his GPA on his unofficial transcript and his official transcript, a claim for promissory-estoppel, and two new contract claims. In its opinion summarily dismissing Guess's case, the court also denied the motion to amend. *Id.* at 13. Thereafter, the Sixth Circuit affirmed the dismissal of Guess's claims. *Guess v St Martinus Univ*, unpublished opinion of the United States Court of Appeals for the Sixth Circuit, issued April 26, 2022 (Case No. 21-1478), p 1.

Guess then commenced the instant action in the Oakland Circuit Court, asserting claims of tortious interference with a business relationship or expectation, and retaliation under the Persons with Disabilities Civil Rights Act (PWDCRA), 37.1101 *et seq.*, and seeking specific performance of a contractual agreement. The trial court, however, granted defendants' motion for summary disposition on the basis of res judicata and collateral estoppel stemming from the federal suit. The court further held that Guess had failed to submit evidence sufficient to create a genuine issue of material fact in regard to the alleged withholding of the official transcript and grading or GPA discrepancies. This appeal follows.

---

[1] A point of contention in this case is how the failed courses are calculated. On Guess's unofficial transcript, they were calculated in a manner that resulted in him having a GPA over 2.0, but on his official transcript they were calculated in a way that resulted in him having a GPA under 1.0.

## II. SUMMARY DISPOSITION

### A. STANDARDS OF REVIEW

Guess argues that the trial court erred by granting defendants' motion for summary disposition. A trial court's decision on a motion for summary disposition is reviewed de novo. *Champine v Dep't of Transp*, 509 Mich 447, 452; 983 NW2d 741 (2022). Likewise, a court's application of the doctrines of res judicata is reviewed de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

### B. ANALYSIS

The trial court first determined that Guess's claims were barred by res judicata. "Res judicata bars a second action on the same claim if (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Mecosta Co Med Ctr v Metro Group Prop & Cas Ins Co*, 509 Mich 276, 282; 983 NW2d 401 (2022) (quotation marks and citations omitted). The purposes of the doctrine are "to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication." *Richards v Tibaldi*, 272 Mich App 522, 530; 726 NW2d 770 (2006). Michigan follows a broad approach to res judicata. *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). Accordingly, the doctrine "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id*.

"As a general rule, res judicata will apply to bar a subsequent relitigation based upon the same transaction or events, regardless of whether a subsequent litigation is pursued in a federal or state forum." *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 380; 596 NW2d 153 (1999). Thus, "[i]f a plaintiff has litigated a claim in federal court, the federal judgment precludes relitigation of the same claim in state court based on issues that were or could have been raised in the federal action, including any theories of liability based on state law." *Id*. (quotation marks and citation omitted). In such cases, we "must apply federal claim-preclusion law" when determining "the preclusive effect of a prior federal judgment." *Id*. at 380-381 (quotation marks and citation omitted). Under federal law, the elements of res judicata are:

> (1) A final decision on the merits in the first action by a court of competent jurisdiction; (2) The second action involves the same parties, or their privies, as the first; (3) The second action raises an issue actually litigated or which should have been litigated in the first action [and]; (4) An identity of the causes of action. [*Sanders Confectionary Prods v Heller Fin, Inc*, 973 F2d 474, 480 (CA 6, 1992).]

In this case, Guess does not dispute that the elements of res judicata under both federal and Michigan law have been met. Instead, he contends that the trial court erred by applying res judicata. In support, he directs this Court to our Supreme Court's decision in *Pierson Sand and Gravel*, which he contends stands for the proposition that "where the plaintiff *could* have brought a [supplemental] state claim with his federal case, but did not do so, and the federal court later dismisses the federal claims, this does *not* count against the plaintiff for a state court lawsuit for state law claims based upon the underlying transaction or occurrences," even in cases where some

state law claims were brought during the federal litigation.  The exception to the application of res judicata articulated by our Supreme Court in *Pierson Sand and Gravel*, however, is not quite so broad.

In *Pierson Sand and Gravel*, the plaintiffs first filed a claim in federal court, seeking relief under both federal and state law.  *Pierson Sand & Gravel, Inc*, 460 Mich at 374-375.  Prior to resolution of the case, the plaintiffs amended their complaint and abandoned their state law claims.  *Id*. at 375-376.  Thereafter, prior to trial, the federal court granted summary judgment in favor of the defendants.  *Id*. at 377.  The plaintiffs then filed a complaint in state court, alleging various state-law based claims.  *Id*.  In response, the defendants moved for summary disposition, arguing that the state law claims were barred by res judicata.  *Id*.  The trial court and a panel of this Court disagreed and held that res judicata did not apply.  *Id*. at 377-378.  And our Supreme Court affirmed.  *Id*. at 375.  In doing so, our Supreme Court explained that, as a general rule, if a federal court dismisses all of a plaintiffs federal claims before trial, res judicata does not bar subsequent state law claims if it is " 'clear that the federal court would have declined' " to retain jurisdiction of the state-law claims.  *Id*. at 385, quoting 1 Restatement Judgments, 2d, § 25, comment e, illustration 10, p 214.

Guess suggests that, like the federal district court in *Pierson*, the federal district court in this case would not have accepted jurisdiction over his new state law claims.  But the record does not support his position.  In his original and amended federal complaint, Guess brought claims derived from state law.  The federal court addressed the merits of those claims when it dismissed Guess's federal lawsuit.  Given that the federal court addressed the state law claims that Guess included in his complaint, there is no reason to believe that the federal court would not have considered a timely plead claim for tortious interference, specific performance, and PWDCRA-retaliation.  That is, based upon the record in this case, it is *not* clear that the trial court would have declined to exercise discretion over Guess's state-law claims.  The narrow exception that precludes the application of res judicata when it is "clear" that the federal court would not exercise or retain jurisdiction over a supplemental claim after it dismisses a related federal claim, therefore, does not apply in this case.  See *Pierson Sand and Gravel*, 460 Mich at 385.  As a result, the trial court did not err by applying res judicata in this case.[2]

Affirmed.  Defendants may tax costs as the prevailing party.  MCR 7.219(A).

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Michael J. Riordan

---

[2] Given our resolution, we decline to address whether the trial court erred by alternatively granting summary disposition based upon the doctrine of collateral estoppel and upon its determination that Guess failed to establish that a genuine issue of material fact precluded the grant of summary disposition.